|  UNITED STATES DISTRICT COURT  |
|  DISTRICT OF PUERTO RICO  |

RADAMÉS ROSA-RODRÍGUEZ,

    Plaintiff,

    v.

CENTRO SAN CRISTÓBAL-VILLALBA, et al.,

    Defendants.

Civil No. 09-1056 (JAF)

**OPINION AND ORDER**

Plaintiff Radamés Rosa-Rodríguez brings this action against Defendants Centro San Cristóbal-Villalba ("Centro"), Dr. Ignacio J. Cruz-Pérez ("Cruz"), Dr. Yves Rivera-Hernández ("Rivera"), Admiral Insurance, CO., SIMED, and unknown individuals alleging violations of the Emergency Medial Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and Puerto Rico tort law. Docket No. 10. Centro moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Docket No. 12. The motion is unopposed.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from Plaintiff's complaint and Centro's unopposed motion for summary judgment, statement of uncontested facts, and exhibit. Docket Nos. 10, 12.

Plaintiff, a resident of Texas and an American citizen, is the father of thirteen-year-old Nilshalys Rosa-Algarín ("Nilshalys"), who

Civil No. 09-1056 (JAF)                                                    -2-

died on January 28, 2008. Defendant Centro is a Center of Diagnosis and Treatment (CDT) located in Villalba, Puerto Rico, where Nilshalys was treated before her death. Defendants Cruz and Rivera are physicians under contract with Centro.

Plaintiff alleges that his daughter Nilshalys did not receive appropriate medical treatment at Centro prior to her death.[1] Specifically, Plaintiff alleges that on January 27, 2008, Nilshalys arrived at Centro with complaints of headache, sore throat, fever, and diarrhea. A physician examined Nilshalys and discharged her with a diagnosis of tonsilitis or cold and prescriptions for pain killers, antibiotics, and other medications. No tests were performed. On January 28, 2008, Nilshalys lost consciousness and was taken back to Centro. She received cardiopulmonary respiration for approximately half an hour until she was declared deceased. On June 26, 2008, an autopsy revealed that Nilshalys died of Dengue Shock Syndrome.

On January 21, 2009, Plaintiff filed the present complaint in federal district court. Docket No. 10. On April 13, 2009, Centro moved for partial summary judgment. Docket No. 12.

**II.**

**Summary Judgment Standard under Rule 56(c)**

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show

---

[1] Plaintiff has not submitted any evidence of the following facts; it is not clear to what extent these facts are contested by Defendants.

that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.
### Analysis

**A.   Partial Motion for Summary Judgment**

Civil No. 09-1056 (JAF)                                                    -4-

Centro argues that the EMTALA claims against it should be dismissed because CDTs in Puerto Rico are not included in the statute's definition of "participating hospitals." Docket No. 12.

EMTALA requires participating hospitals to properly screen, examine and, if need be, stabilize or treat emergency-room patients in need of urgent medical care. See 42 U.S.C. § 1395dd. In order to establish a violation under EMTALA, a plaintiff must show that (1) the facility is a participating hospital, (2) the patient arrived at the facility for treatment, and (3) the facility either (a) failed to properly screen the patient or (b) discharged or transferred the patient without stabilizing an emergency medical condition. See Correa v. Hosp. S.F., 69 F.3d 1184, 1189 (1st Cir. 1995).

EMTALA defines a "hospital" as an institution primarily engaged in providing medical services to inpatients. 42 U.S.C. § 1395x(e)(1), (7). Under Puerto Rico law, CDTs are facilities that provide medical services to ambulatory patients. 24 L.P.R.A. § 331a(A)(4) (2002). CDTs are not participating hospitals covered under EMTALA. Rodríguez v. Am. Int'l Ins. Co., 402 F.3d 45, 48-49 (1st Cir. 2005).

In view of the uncontested fact that Centro is an independent CDT facility that provides services to ambulatory patients, Docket No. 12, there is no factual issue as to Centro's liability under EMTALA. Centro is not a participating hospital under EMTALA and is, thus, entitled to judgment as a matter of law. See 42 U.S.C. § 1395dd; Rodríguez, 402 F.3d at 48-49.

**B.    Order to Show Cause**

Additionally, we have previously held that EMTALA does not provide a private cause of action against physicians. See Feliciano Rivera v. Med. & Geriatric Admin. Servs. Inc., 254 F. Supp. 2d 237, 240 (D.P.R. 2003); see also Barber v. Hosp. Corp., 977 F.2d 872, 877 (4th Cir. 1992). We, therefore, order Plaintiff to show cause, **on or before May 29, 2009,** as to why we should not also dismiss his EMTALA claims against the individual defendants, Cruz and Rivera.

## IV.

## Conclusion

Accordingly, we hereby **GRANT** Centro's motion for partial summary judgment, Docket No. 12, and **DISMISS** Plaintiff's EMTALA claims against Centro **WITH PREJUDICE**. We **ORDER** Plaintiff to show cause, **on or before May 29, 2009,** as to why we should not dismiss his EMTALA claims against Defendants Cruz and Rivera.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of May, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge